## Berlin v. Brody et ux.

*C. Max Ivins* and *George J. Ivins*, for plaintiff.

*Bernard M. Borish* and *Wolf, Block, Schorr & Solis-Cohen,* for defendants.

ALESSANDRONI, P. J., October 6, 1955.—Plaintiff filed a complaint in equity praying for a decree for specific performance of an oral contract to sell a business and an oral contract to lease certain real estate. Defendants filed a responsive answer denying the existence of any contracts; defendants also filed new matter asserting the defense of statute of frauds. Plaintiff replied.

Thereafter, plaintiff notified defendants that the oral depositions of defendants would be taken pursuant to Pa. R. C. P. 4007. Defendants, on advice of counsel, refused to answer certain questions. Plaintiff filed an application for an order under Pa. R. C. P. 4019 (*b*), compelling defendants to answer the questions.

The 1954 amendments to the Pennsylvania Rules of Civil Procedure governing discovery liberalized the prior practice. The scope of rule 4007 was broadened; the area of the limitations of 4011 was restricted: Robbins, etc. v. Lashner, 1 D. & C. 2d 302. In Robbins, etc. v. Lashner, the court refused to require answers to questions which were already denied in the answer to the complaint. One of the critical issues was a promise by defendant to pay plaintiff money; in the answer defendant denied making the promise. The court said, at page 310:

"What is to be gained by interrogating him on this issue prior to trial? Plaintiff already has defendant's sworn statement. The question strikes at the very heart of the controversy between the parties."

In Pottstown Lincoln-Mercury, Inc., v. Montgomery County Auto Sales, Inc., et al., 2 D. & C. 2d 396, a witness was compelled to answer questions relating to conversations between himself and any officials or agents of plaintiff corporation.

In light of the limitations of rule 4011, and the foregoing decisions we examine the questions for which answers are sought.

Q. 1. "Do you know that thereafter your husband refused to sell this business; isn't that so?"

Q. 2. "Well, let us take after you found out that your husband refused to sell the business. Did you then agree with him?"

Q. 3. "This agreement that you had made was to cover the entire business, its inventory and assets in the actual condition and amount as they existed at the time of your agreement; is that right?"

Q. 4. "Did you not reach an agreement with Mr. Berlin that the inventory and the personal property involved in the transaction was to be clear of any incumbrances and claims of any character, and final settlement was to be made in 10 days?"

Q. 5. "Did you not pursuant to the agreement you had with Mr. Berlin that day, the same date, deliver possession to Mr. Berlin by taking him to your place of business and delivering to him the key of the door of the premises and taking a reading of the cash register?"

Q. 6. "And you continued to refuse to go through with the transaction?"

Questions nos. 1 to 6, inclusive, have already been expressly answered in the pleadings. Plaintiff has the sworn statement of defendants. Discovery which seeks

answers to matters already treated in the pleadings cannot be proper discovery. A second denial under oath cannot substantially aid in the preparation of the case for trial. Therefore, apart from the limitations of Pa. R. C. P. 4011, there would appear to be a limitation inherent in the language of R. C. P. 4007, namely, that even if a question does not fall within the area of limitation ·of 4011, it still may not substantially aid in the trial.

Defendants' refusal to answer the questions was therefore proper.

Q. 7. "Beginning on or about November 8th until the end of 1954, approximately what were your weekly sales?"

Q. 8. "How much did you tell him the business was making?"

Defendant Irwin Brody will have to answer questions nos. 7 and 8. They are relevant and will substantially aid in the preparation of the case for trial. We cannot accept defendants' argument that plaintiff is not entitled to such information until liability is established. Rule 4011 contains no such limitation.

In Zeldin et al., etc., v. Penn Fruit Co., 89 D. & C. 313, defendant was permitted to seek information regarding plaintiff's loss of earnings and expenses.

We see no reason why the same principle should not be established here, albeit, a case in a different area of the law. The principle is valid. Plaintiff needs the information of question no. 7 to prepare his case on the items of damage. It is information exclusively in defendants' possession.

As to question no. 8, although it would appear that plaintiff knows the answer, that is no bar to requiring defendant to answer the question. See Pottstown Lincoln-Mercury, Inc., v. Montgomery County Auto Sales, Inc., et al., supra.

An application for an order under rule 4019(*b*) is limited to the specific questions raised by the refusal to answer. Under such a proceeding we cannot order in advance a deponent to answer questions in several general areas as plaintiff has requested. Those matters are not before us under Pa. R. C. P. 4019(*b*).

Since we find reasonable justification for the action of both parties at the taking of the depositions, we do not apply any sanctions to either party.

### Order

And now, to wit, October 6, 1955, defendant Irwin Brody is directed, pursuant to Pa. R. C. P. 4019(*b*) to answer questions Nos. 7 and 8, already propounded at a time and place selected for the taking of the continued depositions, under penalty for contempt.

Each party to pay its own costs.